**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| JUSTIN ROWE and RACHEL ROWE,<br><br>　　　　Plaintiffs<br><br>　　v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§　　Case No. 4:26-cv-00336-MJT |

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFFS'
COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant

to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiffs' Complaint

and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of

itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies

any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint,

Equifax responds as follows:

**INTRODUCTION**

**COMPLAINT ¶1:**

The computerization of our society has resulted in a revolutionary increase in the accumulation and processing of data concerning individual American consumers. Data technology, whether it is used by businesses, banks, the Internal Revenue Service or other institutions, allows information concerning individual consumers to flow instantaneously to requesting parties. Such

325494645v.1

timely information is intended to lead to faster and better decision-making by its recipients and, in theory, all of society should ultimately benefit from the resulting convenience and efficiency.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶2:**

Unfortunately, however, this information has also become readily available for, and susceptible to, mishandling and misuse. Individual consumers can, and do, sustain substantial damage, both economically and emotionally, when inaccurate or fraudulent information is disseminated and/or published about them. In fact, Defendants acknowledge this potential for misuse and resulting damage every time it sells its credit monitoring services to a consumer.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶3:**

The ongoing technological advances in the area of data processing have resulted in a boon for the companies that accumulate and sell data concerning individuals' credit histories and other personal information. Such companies are commonly known as consumer reporting agencies ("CRAs").

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶4:**

These CRAs sell information to readily paying subscribers (i.e., retailers, landlords, lenders, potential employers, and other similarly interested parties), commonly called "consumer reports," concerning' individuals who may be applying for retail credit, housing, employment, refinancing, a car or mortgage loan or other forms of credit.

325494645v.1

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶5:**

Since 1970, when Congress enacted the. Fair Credit Reporting. Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), federal law has required CRAs to implement and utilize reasonable procedures "to assure maximum possible accuracy" of the personal, private, and financial information that they compile and sell about individual consumers.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶6:**

One of the primary purposes in requiring CRAs to assure "maximum possible accuracy" of consumer information is to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

*See* 15 U.S.C. § 1681(a)(1).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

325494645v.1

**COMPLAINT ¶7:**

The preservation of one's good name and reputation is also at the heart of the FCRA's purposes:

> [nth the trend toward computerization of billings and the establishment of all sorts of computerized data banks, the individual is in great danger of having her life and character reduced to impersonal "blips" and key-punch holes in a **stolid and unthinking machine which can literally ruin her reputation without cause, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage or buy a home**. We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of her good name without her knowledge and without reason. Shakespeare said, the loss of one's good name is beyond price and makes one poor indeed.

*Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982) (*quoting* 116 Cong. Rec. 36570 (1970)) (emphasis added).

**ANSWER:**

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

**COMPLAINT ¶8:**

In light of these important findings and purposes, Congress specifically noted "a need to insure that [CRAs] exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy." *See* 15 U.S.C. 1681(a)(4).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶9:**

Plaintiffs' Complaint arises out of Defendants' blatantly inaccurate credit reporting, wherein Defendants reported to Plaintiffs' potential creditors that Plaintiffs owed money on tradelines that Plaintiffs are no longer legally responsible for.

325494645v.1

**ANSWER:**

Equifax admits that Plaintiff purports to make such allegations. Equifax denies that it violated the FCRA or any other law, denies it is liable to Plaintiff, and denies any remaining allegations in this paragraph.

**COMPLAINT ¶10:**

Accordingly, Plaintiffs bring claims against Defendants for failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs' credit reports, in violation of the FCRA, 15 U.S.C. § 1681e(b).

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶11:**

As part of this action, Plaintiffs seek actual, statutory, and punitive damages, costs and attorneys' fees from Defendants for its willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.,* as described herein.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**JURISDICTION AND VENUE**

**COMPLAINT ¶12:**

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

**ANSWER:**

To the extent Plaintiffs have properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

-5-

**COMPLAINT ¶13:**

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants regularly transact business within this District, are otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

**ANSWER:**

Equifax admits that the Plaintiffs has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

<strong><u>PARTIES</u></strong>

**COMPLAINT ¶14:**

Plaintiffs are each natural persons residing in Anna, Texas, and are "consumers" as that term is defined in 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiffs are natural persons and qualify as a "consumers" under the FCRA.

**COMPLAINT ¶15:**

Defendant Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Defendants is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, Georgia, 30309. Equifax can be served through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties.  Equifax further admits that it maintains its

-6-

principal address at 1550 Peachtree Street NW, Atlanta, Georgia 30309, and that it may be served

through its registered agent, Corporation Service Company. Equifax denies the remaining

allegations in this paragraph.

**COMPLAINT ¶16:**

Defendant Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626. Experian can be served through its registered agent at CT Corporations System, 330 North Brand Boulevard, Glendale CA 91203.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

Defendants regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. Defendants regularly furnish consumer reports to third parties for monetary compensation, fees, and other dues, using means and facilities of interstate commerce, and are therefore each a "consumer reporting agency" ("CRA") as defined by 15 U.S.C. § 1681a(f) of the FCRA.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency"

under the FCRA as to those activities only and, at times, it engages in the business of assembling,

and disbursing consumer reports to third-parties for monetary compensation. Equifax denies the

remaining allegations in this paragraph.

**COMPLAINT ¶18:**

During all times pertinent to this Complaint, Defendants were authorized to conduct business in the State of Texas and conducted business in the State of Texas on a routine and systematic basis.

-7-

325494645v.1

-8-

**ANSWER:**

Equifax admits that it is registered to do business in the State of Texas. Equifax denies the

remaining allegations in this paragraph.

**COMPLAINT ¶19:**

During all times pertinent to this Complaint, Defendants acted through authorized agents, employees, officers, directors, representatives, and/or insurers.

**ANSWER:**

Equifax admits that it conducts business through its employees and others. Equifax denies

the remaining allegations in this paragraph.

**COMPLAINT ¶20:**

Any violations by Defendants were not in good faith, were knowing, negligent, willful, and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**FACTUAL BACKGROUND**
**Summary of the Fair Credit Reporting Act**

**COMPLAINT ¶21:**

The FCRA governs the conduct of consumer reporting agencies in an effort to preserve the integrity of the consumer banking system and to protect the rights of consumers to fairness and accuracy in the reporting of their credit information.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for

themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

misquotes, or takes out of context the contents of the statutory provisions referenced by this

paragraph.

325494645v.1

-9-

**COMPLAINT ¶22:**

The FCRA was designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. §1681(a).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶23:**

Specifically, the statute was intended to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." *See* 15 U.S.C. § 1681(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶24:**

To that end, the FCRA imposes the following twin duties on consumer reporting agencies: (i) consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports (15 U.S.C. 1681e(b)); and (ii) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies (15 U.S.C. §1681i).

325494645v.1

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶25:**

The FCRA provides consumers with a private right of action against consumer reporting agencies that willfully or negligently fail to comply with either or both of their statutory obligations under the FCRA.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**Defendants' Processing of Credit Information**

**COMPLAINT ¶26:**

Defendants, two of the three major CRAs in the United States, regularly publishes and distributes credit information about Plaintiffs and other consumers through the sale of consumer reports.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶27:**

Defendants' consumer reports generally contain the following information: (i) Header/Identifying Information: this section generally includes the consumer's name, current and

prior addresses, date of birth, and phone numbers; (ii) Tradeline Information: this section pertains to consumer credit history, and includes the type of credit account, credit limit or loan amount, account balance, payment history, and status; (iii) Public Record Information: this section typically includes public record information, such as bankruptcy filings; and (iv) Credit Inquiries: this section lists every entity that has accessed the consumer's file through a "hard inquiry" (i.e., consumer-initiated activities, such as applications for credit cards, to rent an apartment, to open a deposit account, or for other services) or "soft inquiry" (i.e., user-initiated inquiries like prescreening).

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶28:**

Defendants obtain consumer information from various sources. Some consumer information is sent directly to Defendants, and other information must be independently gathered by Defendants, or acquired from third party providers, vendors or repositories, such as computerized reporting services like PACER or Lexis-Nexis.

**ANSWER:**

Equifax admits that, at times, it independently obtains consumer information from third-parties. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

Defendants also obtain information from other CRAs (who commonly share information).

**ANSWER:**

Equifax admits that, at times, it independently obtains consumer information from third-parties. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

325494645v.1

**COMPLAINT ¶30:**

Defendants regularly seek out and procures consumer bankruptcy filings and discharge information on a daily basis with the intention of including it in the consumer reports Defendants sells to third parties for a profit.

**ANSWER:**

Equifax admits that, at times, it independently obtains public record information and that, at times, such information is included in consumer reports. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶31:**

The diligence Defendants exercise in uncovering and recording consumer bankruptcy filings is not replicated in Defendants' subsequent reporting of bankruptcy discharges and their effect on consumers' debts.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶32:**

The majority of institutions that offer financial services (e.g. banks, creditors, lenders) rely upon consumer reports from CRAs (like Defendants) to make lending decisions. Those institutions also use FICO Scores, and other proprietary third-party algorithms (or "scoring" models), including debt-to-income ratios, to interpret the information in a consumer's consumer report, which is based on the amount of reported debt, payment history, date of delinquencies contained in Defendants' reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

The information Defendants include in consumer reports contributes to a consumer's overall creditworthiness and determines his or her FICO Score.

325494645v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶34:**

FICO and other third-party algorithms use variables or "attributes" derived from a consumer report to calculate a person's "credit score," which is a direct reflection of his or her creditworthiness.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶35:**

FICO Scores factor the following consumer report information: Payment history (35%); Amount of debt (30%); Length of credit history (15%); New credit (10%); and Credit mix (10%).

a.  "Payment history" refers to whether a consumer has paid his or her bills in the past, and whether these payments have been timely, late, or missed. In factoring the severity of delinquent payments, a FICO Score considers how late the payment continues to be, how much is owed, how recently the delinquency occurred, and how many delinquent accounts exist. The more severe, recent, and frequent late payments are, the lower a consumer's FICO Score will be.

b.  The "amount of debt" a consumer owes has a major impact on his or her credit score. When a CRA reports a debt as outstanding when it is in fact discharged, the CRA is indicating that a consumer's "amount of debt" is higher than it actually is, which will undoubtedly impact a consumer's credit score.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶36:**

Lenders also consider a consumer's debt-to-income ratio ("DTI") based on the total amount of debt reported by Defendants in its consumer reports. DTI compares the total amount a consumer owes to the total amount a consumer earns.

-13-

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶37:**

A consumer's income, however, is not included in his or her consumer report; only his or her amount of debt is.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶38:**

Lenders consider a consumer's DTI when deciding whether to approve financing and the credit terms thereof

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶39:**

The higher the amount of reported debt that a consumer has, or appears to have, the worse the consumer's DTI will be, and the more difficult it will be for a consumer to obtain credit and favorable credit terms (e.g., higher interest, lower credit limits).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶40:**

A consumer who has obtained a bankruptcy discharge and has a consumer report that is inaccurately reporting outstanding or past due balances after the bankruptcy discharge suffers greater harm than if that account was accurately reporting as having a zero-dollar balance.

325494645v.1

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge

or information sufficient to form a belief regarding the allegations in this paragraph and, on that

basis, denies the allegations contained therein.

**COMPLAINT ¶41:**

Defendants are well aware that the effect of a Discharge Order in a Chapter 7 Bankruptcy is that all statutorily dischargeable debts, other than those that have been reaffirmed or successfully challenged in an adversary proceeding court, are discharged; both such exceptions are rare and furthermore identified on the individual consumer's bankruptcy docket sheet.

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or

denial. If further response is required, Equifax states that it is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein and, on that basis,

denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶42:**

Additionally, in or around 2009, Defendants implemented their own automated software "bankruptcy scrub" following the settlement agreement in *White v. Experian Info. Sols.*, No. SACV 05-1070 DOC (MLGx), (C.D. Cal. 2008).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶43:**

The *White* settlement makes clear that the CRAs know or should know that pre-petition, unsecured consumer debts are typically discharged in Chapter 7 proceedings. *Benjamin v. Experian Info. Solutions*, 561 F. Supp. 3d 1330, 1340 (citing *Morris v. Experian Info. Sols.*, 478 F. Supp. 3d at 769).

325494645v.1

**ANSWER:**

Equifax states that the case referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the precedent referenced by this paragraph.

**COMPLAINT ¶44:**

Defendants' bankruptcy scrub software identifies pre-petition accounts and makes assumptions about which accounts were discharged through the Chapter 7 bankruptcy, even when the furnisher does not update the accounts as discharged.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶45:**

In other words, Defendants' automated bankruptcy scrub assumes Defendants' notice of a Chapter 7 discharge is in fact notice that a consumer's pre-petition accounts may be reporting inaccurately, and Defendants will overwrite data reported by a furnisher according to its assumptions and algorithms.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶46:**

However, Defendants have intentionally chosen to disregard knowingly inaccurate open balance and payment obligations of certain types of pre-bankruptcy accounts in Defendants' software programming of its automated "bankruptcy scrub" that they have been employing for well over a decade.

**ANSWER:**

Equifax denies the allegations in this paragraph.

-16-

325494645v.1

**COMPLAINT ¶47:**

Defendants also know that it is rare for a pre-petition debt to be reaffirmed or successfully challenged in an adversary proceeding.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶48:**

Further, Defendants know that if reaffirmation agreements or adversary proceedings exist, they will be explicitly identified on an individual consumer's bankruptcy docket, as is required by bankruptcy law.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶49:**

Additionally, information indicating that a specific debt has not been discharged but instead was reaffirmed or successfully challenged through an adversary proceeding, is retrieved from the same sources from which Defendants independently obtain consumer bankruptcy case information.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶50:**

Defendants also receive information about account reaffirmations or other discharge exceptions directly from furnishers of account/tradeline information.

-17-

325494645v.1

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶51:**

However, Defendants regularly report inaccurate information about consumers who have received a Discharge Order.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶52:**

Rather than follow reasonable procedures to assure maximum possible accuracy, as required by the FCRA, Defendants frequently report information regarding pre-bankruptcy debts based on incomplete or knowingly inaccurate information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶53:**

Defendants regularly publish consumer information that conflicts with information: provided by data furnishers to Defendants, already included in Defendants' credit files, contained in public records that Defendants regularly access, and/or sourced through Defendants' independent and voluntary efforts.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶54:**

Defendants' unreasonable policies and procedures cause them to routinely report inaccurate and materially misleading information about consumers, including Plaintiff, who have been discharged from Chapter 7 Bankruptcy.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325494645v.1

**COMPLAINT ¶55:**

Defendants routinely report inaccurate, and materially misleading information about consumers like Plaintiff, without verifying or updating the information as required by § 1681e(b), despite possessing information inconsistent with the reported information that establishes the reported information is inaccurate.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶56:**

Defendants' unreasonable policies and procedures cause it to regularly report consumer information without verifying its accuracy.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶57:**

Defendants' unreasonable policies, procedures and/or algorithms consistently fail to identify and update pre-bankruptcy debts as required by § 1681e(b).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶58:**

Defendants know the information it reports about consumers' bankruptcies is often inconsistent with public records, furnished/reported information, and/or information contained in Defendants' own files.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶59:**

Consumers have filed thousands of lawsuits and FTC and Consumer Financial Protection Bureau complaints against Defendants for their inaccurate credit reporting following a Chapter 7 discharge.

-19-

325494645v.1

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶60:**

Thus, Defendants are on continued notice of their inadequate post-bankruptcy reporting procedures, which cause Defendants to report inaccurate balances, account statuses, payment histories, and/or payment statuses.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**Allegations Specific to the Credit Reporting of Plaintiffs**

**COMPLAINT ¶61:**

Plaintiffs filed a joint "no asset" Chapter 7 Bankruptcy on or about April 30, 2025, in the United States Bankruptcy Court for the Eastern District of Texas (Case No. 25-41224).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶62:**

Plaintiffs received an Order of Discharge on or about August 6, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶63:**

Thereafter, Plaintiffs were not personally liable for their dischargeable debts, and these debts have a $0 balance after the bankruptcy discharge.

-20-

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶64:**

Defendants prepared one or more consumer reports concerning Plaintiffs after Plaintiffs were discharged from Chapter 7 Bankruptcy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶65:**

The allegations in this Complaint against Defendants are based on consumer disclosures obtained by Plaintiffs beginning on December 25, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶66:**

Defendants reported Plaintiffs' credit histories in individual "tradelines," including names of credit accounts, account numbers, account types, responsibility for the account (i.e., individual or joint accounts), the date the accounts were opened, statuses, and the dates of the last status update.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶67:**

However, Defendants failed to report Plaintiffs' consumer bankruptcy information in the Public Records section and/or in one or more individual tradelines of Plaintiffs' consumer reports.

-21-

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶68:**

Defendants are aware that CRAs are generally required to report accounts included in a consumer's Chapter 7 bankruptcy with a status of "discharged through bankruptcy," and with a zero-dollar balance, unless a furnisher provides information showing that a specific debt was excluded from the discharge.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶69:**

Defendants should have reported **all** of Plaintiffs' dischargeable, pre-petition debts as included in or discharged in Chapter 7 Bankruptcy, and/or with a zero-dollar balance, but did not.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶70:**

Instead, Defendants reported at least one account with an inaccurate account status, payment history, and/or outstanding balance.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**Inaccuracies in Mr. Rowe's Consumer Report**

**COMPLAINT ¶71:**

On or about December 5, 2025, Mr. Rowe obtained a copy of his Equifax and Experian credit reports.

325494645v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶72:**

Upon review of his credit reports, Mr. Rowe observed several inaccuracies.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶73:**

As a preliminary matter, Equifax did not indicate that Mr. Rowe had filed for bankruptcy and received a discharge.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶74:**

The name, social security number, and address in Mr. Rowe's Chapter 7 petition match the information listed on his Equifax consumer report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶75:**

Equifax failed to report Mr. Rowe's bankruptcy discharge even though Defendants had all the correct personal information for Mr. Rowe in its database which matched the personal information reported in Plaintiffs' Chapter 7 petition (e.g., full name, social security number, address).

**ANSWER:**

Equifax denies the allegations in this paragraph.

325494645v.1

**COMPLAINT ¶76:**

Notably, Experian and non-party Trans Union accurately reported Mr. Rowe's public record bankruptcy filing and discharge based on the same information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶77:**

Equifax knew or should have known that Plaintiffs' bankruptcy was discharged.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶78:**

Additionally, on Mr. Rowe's consumer disclosure dated December 5, 2025, Defendants each inaccurately reported Plaintiffs Vamos Auto account, (account no. 9***) and opened in November 2019 (the "Vamos Account"), which pre-dated Plaintiffs' bankruptcy filing.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶79:**

The Vamos Account was discharged on or about August 6, 2025. Therefore, the Vamos Account should have been reported as discharged in bankruptcy and with a zero-dollar balance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶80:**

However, Equifax inaccurately reported the Vamos Account with a balance of $5,786.00, instead of a zero-dollar balance, and with no indication the Vamos account was included in/discharged by bankruptcy.

-24-

-25-

**ANSWER:**

Equifax denies the allegations in this paragraph.

**Inaccuracies in Mrs. Rowe's Consumer Report**

**COMPLAINT ¶81:**

On or about December 5, 2025, Mrs. Rowe obtained a copy of her Equifax credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶82:**

Upon review of her credit report, Mrs. Rowe observed several inaccuracies.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶83:**

As a preliminary matter, Equifax did not indicate that Mrs. Rowe had filed for bankruptcy and received a discharge.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶84:**

The name, social security number, and address in Mrs. Rowe's Chapter 7 petition match the information listed on her Equifax consumer report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325494645v.1

**COMPLAINT ¶85:**

Equifax failed to report Mrs. Rowe's bankruptcy discharge even though Equifax had all the correct personal information for Mrs. Rowe in its database which matched the personal information reported in Mrs. Rowe's Chapter 7 petition (e.g., full name, social security number, address).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶86:**

Notably, Experian and non-party Trans Union accurately reported Mrs. Rowe's public record bankruptcy filing and discharge based on the same information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶87:**

Equifax knew or should have known that Mrs. Rowe's bankruptcy was discharged.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶88:**

On Mrs. Rowe's Equifax consumer disclosure dated December 5, 2025, Equifax inaccurately reported Plaintiffs Consumer Adjustment account, beginning with 1646**** and opened in December 2022 (the "Consumer Account"), which pre-dated Plaintiffs' bankruptcy filing.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶89:**

The Consumer Account was discharged on or about August 6, 2025. Therefore, the Consumer Account should have been reported as discharged in bankruptcy and with a zero-dollar balance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶90:**

However, Equifax inaccurately reported the Consumer Account with a status of "Collection/Charge Off," and with a balance of $216, instead of a zero-dollar balance.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶91:**

Additionally, on Mrs. Rowe's Equifax consumer disclosure dated December 5, 2025, Equifax inaccurately reported Plaintiffs Caine & Weiner account, beginning with 2056**** and opened in May 2023 (the "C&W Account"), which pre-dated Plaintiffs' bankruptcy filing.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶92:**

The C&W Account was discharged on or about August 6, 2025. Therefore, the C&W Account should have been reported as discharged in bankruptcy and with a zero-dollar balance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶93:**

However, Equifax inaccurately reported the C&W Account with a status of "Collection/Charge-off" and with a balance of $121, instead of a zero-dollar balance.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**Defendants' Unreasonable Procedures**

**COMPLAINT ¶94:**

The Vamos Account, C&W Account, and Consumer Account (collectively, the "Accounts") were each pre-bankruptcy debts that should have been reported as included in/discharged by bankruptcy *and* with zero-dollar balances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶95:**

The status of "Charge-Off" in the consumer credit reporting industry means that a debt may still be owed, especially as here, the tradelines do not include bankruptcy coding such as included in and/or discharged in bankruptcy, or the tradeline indicates there is a balance and/or past due balance owed on the account before or after the "Charge-Off"

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶96:**

The national consumer reporting agencies specifically acknowledge that a "Charge-Off" generally means consumers are still legally responsible for paying the debt.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶97:**

According to Defendants, a charge-off means the lender has written the account off as a loss and the account is closed to future charges, the time frame is generally between 120 and 180 days after the consumer became delinquent, and a charge-off does not mean that the consumer no longer owes the debt; the consumer is still legally obligated to pay the debt.

-28-

325494645v.1

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶98:**

Defendants inaccurately reported the Vamos Account with a balance, instead of a zero-dollar balance, and without any indication that the Vamos Account was discharged in bankruptcy.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶99:**

Additionally, Equifax inaccurately reported the Consumer Account and C&W Account with balances, instead of a zero-dollar balances, and without any indication that the Consumer Account and C&W Account were discharged in bankruptcy.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶100:**

Defendants received information from Vamos Auto, Consumer Adjustment and/or Caine & Weiner (collectively, the Furnishers) indicating that Plaintiffs' debts had been included in or discharged through bankruptcy, and/or that the Accounts had zero-dollar balances following the bankruptcy discharge. Nevertheless, Defendants rejected or otherwise overrode this information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶101:**

Alternatively, Defendants knew from past experience that the Furnishers have furnished inaccurate information regarding discharged debts or have historically failed to implement reasonable procedures to ensure consumer debts are properly updated after a Chapter 7 bankruptcy.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325494645v.1

**COMPLAINT ¶102:**

Additionally, upon information and belief, Lexis-Nexis also furnished information to Defendants that indicated Plaintiffs had filed for bankruptcy and received a discharge, but Defendants rejected or otherwise failed to report the data it received.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶103:**

Furthermore, public records reflecting Plaintiffs' bankruptcy filing and subsequent discharge are readily available to Defendants through multiple sources such as PACER, but Defendants failed to review those sources or knowingly rejected them.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶104:**

Thus, Defendants blindly relied on the information provided by the Furnishers without verifying this information against readily available public records showing Plaintiffs' bankruptcy and discharge.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶105:**

Therefore, Defendants' reliance on the Furnishers was unreasonable.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶106:**

Defendants inaccurately reported account statuses and/or payment histories.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325494645v.1

**COMPLAINT ¶107:**

Additionally, Defendants reported that Plaintiffs owed balances that Plaintiffs did not actually owe.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶108:**

Defendants' reporting of the aforementioned accounts is patently false/incorrect and therefore inaccurate.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶109:**

If not patently false/incorrect, Defendants' reporting of the aforementioned accounts is materially misleading and therefore inaccurate.

**ANSWER:**

Equifax denies the allegations in this paragraph.

### Plaintiffs' Damages as a Result of Defendants' Report

**COMPLAINT ¶110:**

Plaintiffs' DTI was negatively affected by Defendants' reporting of debt which Plaintiffs does not owe, in turn negatively impacting Plaintiffs' credit worthiness.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶111:**

After Plaintiffs' bankruptcy discharge, in or around September 2025, Mrs. Rowe applied for credit with Capital One and was approved, but at higher rates and worse overall terms than she otherwise would have qualified for due to Equifax's inaccurate reporting.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325494645v.1

**COMPLAINT ¶112:**

Additionally, after Plaintiffs' bankruptcy discharge, in or around November 2025, Mr. Rowe applied for credit with Capital One and was approved, but at higher rates and worse overall terms than he otherwise would have qualified for due to Defendants' inaccurate reporting.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶113:**

Defendants' inaccurate reporting, along with additional information belonging to Plaintiffs, was published to potential creditors by Defendants during the process of Plaintiffs' credit application.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶114:**

As a direct result of Defendants' inaccurate reporting, Plaintiffs suffer damages, including a decreased credit score, lower overall creditworthiness, and other financial harm.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶115:**

As a direct result of Defendants' inaccurate reporting, Plaintiffs also suffer actual damages in the form of attorneys' fees incurred for a necessary review of Plaintiffs' credit reports.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶116:**

Additionally, Plaintiffs suffer interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish, loss of sleep, reputational damage, humiliation, stress, anger, frustration, shock, embarrassment, violation of Plaintiffs' right to privacy, and anxiety.

**ANSWER:**

Equifax denies the allegations in this paragraph.

-32-

## CLAIM FOR RELIEF
### COUNT I
### 15 U.S.C. § 1681e(b)
### Defendants' Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

**COMPLAINT ¶117:**

Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶118:**

The FCRA requires CRAs, like Defendants, to maintain and follow reasonable procedures to assure maximum possible accuracy of consumer information. 15 U.S.C. § 1681e(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶119:**

Defendants negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to use reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit information pertaining to pre-bankruptcy debts after the consumers received a Discharge Order.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶120:**

Defendants know or should have known that the effect of a Discharge Order in a no asset Chapter 7 Bankruptcy is to discharge all statutorily dischargeable debts other than those that have been reaffirmed in a reaffirmation agreement or successfully challenged in an adversary

-33-

325494645v.1

proceeding. Defendants know or should have known of their obligations under the FCRA, especially pertaining to reporting discharged debt with a zero-dollar balance.

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶121:**

These obligations are well established by the plain language of the FCRA, as promulgated by the Federal Trade Commission, detailed in case law, and evidenced in prior cases involving Defendants from which Defendants are on notice of their unreasonable procedures concerning the reporting of discharged debts.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶122:**

Additionally, Defendants possess or can easily obtain substantial written materials that detail CRA's duties and obligations under the FCRA, including those that apply when consumers file for Chapter 7 Bankruptcy.

**ANSWER:**

Equifax states that its obligations are governed by the FCRA, which speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in this paragraph are denied.

**COMPLAINT ¶123:**

Despite knowledge of these legal obligations, Defendants willfully and consciously breached their known duties and deprived Plaintiffs of their rights under the FCRA.

-34-

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶124:**

Defendants know that discharged debts should not be reported as late, past due, or with outstanding balances after the discharge date, and should be reported with a zero-dollar balance.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶125:**

In this case, Defendants regularly conduct voluntary public records searches with the intention of including bankruptcy information on the consumer report it sells to other parties for a profit.

**ANSWER:**

Equifax admits that, at times, it obtains public record information and that, at times, such information is included in consumer reports. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶126:**

Defendants received notice of Plaintiffs' bankruptcy and discharge. through public records, independent collection of consumer information directly obtained by Defendants through sources of consumer information such as Lexis-Nexis, Defendants' own files, and information provided by data furnishers, yet Defendants rejected the information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

-35-

**COMPLAINT ¶127:**

Specifically, Defendants knew or should have known about Plaintiffs' bankruptcy filing and discharge and failed to include that information in Plaintiffs' consumer disclosures and in consumer reports published to third parties.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶128:**

When Defendants received notice of Plaintiffs' bankruptcy information, they had an obligation to ensure they reported Plaintiffs' discharge and its effects with maximal accuracy.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶129:**

Defendants received notice of Plaintiffs' bankruptcy discharge through public records, their own files, and information provided by data furnishers, yet Defendants failed to report Plaintiff' bankruptcy information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶130:**

As a result, Defendant Equifax failed to report Plaintiffs' bankruptcy information and reported the Accounts with balances instead of zero-dollar balances, and statuses. other than "discharged in bankruptcy."

**ANSWER:**

Equifax denies the allegations in this paragraph.

325494645v.1

**COMPLAINT ¶131:**

Additionally, Defendant Experian inaccurately reported the Vamos Account, which pre-dated Mr. Rowe's bankruptcy, with a balance instead of a zero-dollar balance, and a status other than "discharged in bankruptcy."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶132:**

Defendants' violations of 15 U.S.C. § 1681e(b) were willful.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶133:**

Alternatively, Defendants' violations of 15 U.S.C. § 1681e(b) were negligent.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶134:**

Defendants' inaccurate reporting damaged Plaintiffs' creditworthiness.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶135:**

Plaintiffs suffer actual damages, including the above-referenced economic damages, a decreased credit score, loss of credit opportunities, credit denial, and other financial harm caused by Defendants inaccurately reporting a balance for a debt that was discharged in bankruptcy, and otherwise failing to report that the debt was discharged in bankruptcy.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325494645v.1

**COMPLAINT ¶136:**

Plaintiffs also suffers interference with daily activities caused by other harm including, but not limited to, emotional distress, mental anguish, humiliation, stress, anger, frustration, shock, embarrassment, and anxiety.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶137:**

Defendants are each a direct and proximate cause of Plaintiffs' damages.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶138:**

Defendants are each substantial factors in Plaintiffs' damages.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶139:**

Therefore, Defendants are each liable for actual and statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681, *et seq.*

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the following relief:

i.      Declaratory judgment that Defendants violated the FCRA, 15 U.S.C. § 1681e(b);

ii.     An award of actual, statutory, and punitive damages as provided by the FCRA;

iii.    Awarding costs and reasonable attorneys' fees pursuant to FCRA 15 U.S.C. § 1681n(a)(3) and § 168 lo(a)(2); and

-38-

325494645v.1

iv.     Granting further relief, in law or equity, as this Court may deem appropriate and just.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

### DEMAND FOR JURY TRIAL

Plaintiffs are entitled to and hereby demand a trial by jury on all issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

### AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Equifax asserts the following affirmative and other defenses to the Complaint:

### FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiffs against it.  Equifax is neither incorporated nor headquartered in Texas, and the conduct giving rise to Plaintiffs' claim occurred outside of Texas and was not targeted at Texas.

### SECOND DEFENSE

At all relevant times herein, the Plaintiffs' alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiffs to use reasonable diligence to mitigate the same. Therefore, Plaintiffs' recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiffs' Complaint, Equifax prays that:

325494645v.1

-40-

    (1)     Plaintiffs' Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiffs;

    (2)     it be dismissed as a party to this action; and

    (3)     it recover such other and additional relief as the Court deems just and appropriate.

DATED:  May 26, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Liliana V. Sánchez*
    Liliana V. Sánchez, Bar No. 24104362
    lvsanchez@seyfarth.com
    SEYFARTH SHAW LLP
    2323 Ross Avenue, Suite 1660
    Dallas, Texas  75201
    Telephone:  (469) 608-6758

*Counsel for Defendant*
*Equifax Information Services LLC*

-40-

325494645v.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_/s/ Liliana V. Sánchez_
Liliana V. Sánchez
*Counsel for Defendant*
*Equifax Information Services LLC*

325494645v.1