**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JUSTIN ROWE and RACHEL ROWE, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC., <br> Defendant. | **Case No.: 4:26-cv-00336-MJT** |

**JOINT CONFERENCE REPORT**

The parties must include the following matters in the Joint Conference Report:

1. A brief factual and legal synopsis of the case.

    **Plaintiff:** Plaintiffs claim that Defendant Equifax Information Services, LLC ("Equifax") failed to report their accounts as discharged in Bankruptcy after Plaintiffs received their Order of Discharge on or about August 6, 2025. Plaintiff Justin Rowe's Vamos Auto account was reported by Defendant Equifax as an Account with Balance instead of Discharged in Bankruptcy and with a zero-dollar Balance. Plaintiff Rachel Rowe's Consumer Adjustment account and Caine & Weiner account were being reported by Defendant Equifax as "Collection/Charge Off" and with a balance instead of a zero-dollar balance. Plaintiffs claim that Defendant violated the Fair Credit Reporting Act by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer disclosure. Defendant should have known that the effect of a Discharge Order in a no asset Chapter 7 Bankruptcy is to discharge all statutorily dischargeable debts other than those that

1

326898613v.1

have been reaffirmed in a reaffirmation agreement or successfully challenged in an adversary proceeding. As a result of Defendant's conduct, Plaintiffs sustained actual damages.

**Defendant Equifax:**    Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"). Equifax denies Plaintiffs' claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiffs. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiffs. Additionally, Equifax denies that Plaintiffs are entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiffs can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

2. The jurisdictional basis for this suit.

    Federal jurisdiction is based on 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Confirm that initial mandatory disclosures required by Rule 26(a)(1) and this Order have been completed.

    The deadline for the parties to exchange Initial Mandatory Disclosures is **July 10, 2026.**

4. Proposed Scheduling Order deadlines. **Appendix 1** has the standard deadlines. Explain any deviations from standard schedule. **Now is the time to inform the court of any special complexities or need for more time before the trial setting.** The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.

5. If the parties agree that mediation is appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator, and a proposed deadline should be stated. An early date is encouraged to reduce expenses. The court may appoint a mediator upon request.

2

The Parties do not agree that mediation is appropriate at this time. The Parties are open to mediation at a later date if the Parties' individual settlement efforts are unproductive. At the time, the Parties will agree on a mediator, a date and time for the mediation to take place, and a mediation deadline.

6. What changes, if any, should be made to the limitations on discovery imposed by the rules, including number of depositions and interrogatories.

The parties agree there should be no changes or deviation from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

7. The identity of persons expected to be deposed.

**Plaintiff:**

    A.  Plaintiffs Justine Rowe and Rachel Rowe
    B.  Representative(s) of Defendant Equifax Information Services, LLC

**Equifax:** Equifax identifies the following parties, percipient witnesses, and key documents on the main issues in the case herein based on the information currently and reasonably available to Equifax. Equifax also reserves the right to supplement or amend this information under Fed. R. Civ. P. 26(e) or any other applicable rule:

- Plaintiff Justin Rowe

- Plaintiff Rachel Rowe

- Any entity with whom Plaintiff alleges to have applied for credit, employment or insurance. These individuals may have knowledge of the facts at issue in this case regarding account(s) and/or any adverse actions. Name(s) and address(es) presently unknown.

- Any other party to this lawsuit.

- Any witness identified by any other party to this lawsuit.

- Any individual needed for impeachment or rebuttal.

- Any spouse, family members, or friends of Plaintiff, who may have knowledge of the factual basis of the claims and defenses. Name(s) and address(es) presently unknown.

- A representative of the disputed furnisher(s), identity currently unknown. These individuals are likely to have information regarding the account history and reporting of the disputed account(s), including responses to requests for investigation.

As the parties' investigations continue, the parties reserve the right to supplement their response.

8. Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

4

326898613v.1

The parties do not anticipate any issue regarding electronically stored information. Plaintiffs and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiffs or Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiffs or Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

326898613v.1

9. Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

10. Whether any other orders should be entered by the court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).

The Parties do not request the Court to issue any additional order pursuant to the above referenced Federal Rules of Civil Procedure at this time.

11. The expected length of trial and whether it will be to a jury or the bench.

The Parties estimate trial to take 5-7 days. Plaintiffs have demanded a jury trial.

12. The names of the attorneys who will appear on behalf of the parties at the Management Conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

Landon T. Maxwell of Consumer Justice Law Firm PLC will appear on behalf of Plaintiffs Justine Rowe and Rachel Rowe.

6

Liliana V. Sánchez of Seyfarth Shaw LLP will appear on behalf of Defendant Equifax Information Services, LLC

13. Any other matters that counsel deem appropriate for inclusion in the Joint Conference Report.

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiffs Justin Rowe and Rachel Rowe | lmaxwell@consumerjustice.com<br>mcervantes@consumerjustice.com<br>ktanyag@consumerjustice.com |
| Defendant Equifax | Liliana V. Sánchez – lvsanchez@seyfarth.com<br><br>Heather H. Sharp – hsharp@seyfarth.com<br><br>Dee Davis - ABDavis@seyfarth.com |

///

326898613v.1

RESPECTFULLY SUBMITTED this July 8, 2026

By: */s/ Landon T. Maxwell*          */s/ Liliana V. Sánchez*
Landon T. Maxwell, AZ #038439       Liliana V. Sánchez, Bar No. 24104362
**CONSUMER JUSTICE LAW FIRM PLC**   lvsanchez@seyfarth.com
8095 N. 85th Way                    SEYFARTH SHAW LLP
Scottsdale, AZ 85258                2323 Ross Avenue, Suite 1660
T: (480) 626-1975                   Dallas, Texas 75201
F:  (480) 613-7733                  Telephone: (469) 608-6758
E: lmaxwell@consumerjustice.com

*Attorneys for Plaintiffs,*          *Counsel for Defendant*
*Justin Rowe and Rachel Rowe*        *Equifax Information Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Kristine Tanyag*

8

326898613v.1